IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARIEL MILLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0286-WS-B |
| | ) |
| CENTENNIAL BANK, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of defendant Diane Lacy to dismiss the FMLA claim against her. (Doc. 6). The plaintiff filed a response, (Doc. 9), Lacy declined the opportunity to reply, (Doc. 7), and the motion is ripe for resolution.

Lacy notes that only "employers" can be liable under the FLMA, and she argues that the complaint does not "plead sufficient facts showing that [she] could be characterized as Plaintiff's employer for FMLA purposes." (Doc. 6 at 1). Lacy provides less than 1½ pages (30 lines) of argument in support of her position, (*id*. at 2-3), half of which is devoted to reciting the familiar *Twombly* standard. Lacy then cites two lower court decisions from outside the Eleventh Circuit as examples of complaints that failed adequately to assert a basis for supervisor liability. Finally, Lacy asserts that the complaint's only relevant allegation is that she was Centennial Bank's "agent"; without actually addressing the allegations of the complaint, Lacy denies that the pleading "allege[s] any facts that would show that Lacy had the authority to hire or fire employees, determine Plaintiff's pay scale, control operations of the bank, or control the bank's payroll."

In her response, the plaintiff discusses Eleventh Circuit cases addressing the standard for individual liability under the FLSA (which, the parties agree, employs the same definition of "employer" and which, the parties agree, provides

the best guidance as to the meaning of the term in the FMLA context).[1]  Under that authority, individual liability requires that "a supervisor must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (internal quotes omitted).  Moreover, "while control [over day-to-day operations or over the plaintiff] need not be continuous, it must be both substantial and related to the company's FL[M]A obligations." *Id*. at 1314.  This is because "our primary concern is the supervisor's role in causing the FL[M]A violation." *Id*.

The plaintiff points out several allegations of the complaint indicating that, as branch manager, Lacy was substantially involved in day-to-day operations and had substantial control over the plaintiff and that, in this capacity and through this involvement and control, Lacy played a prominent role in causing the alleged FMLA violations.  Lacy's failure to file a detailed principal brief, and her failure to file a reply brief at all, leaves the plaintiff's facially reasonable defense of her pleading unchallenged.[2]

For the reasons set forth above, Lacy's motion to dismiss is **denied**.

DONE and ORDERED this 17th day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "The fact that Congress, in drafting the FMLA, chose to make the definition of 'employer' materially identical to that in the FLSA means that decisions interpreting the FLSA offer the best guidance for construing the term 'employer' as it is used in the FMLA." *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999).  *Wascura* is the only Eleventh Circuit authority cited by Lacy on the "employer" question.

[2] Lacy correctly asserts that the complaint contains no allegations suggesting she had authority to determine the plaintiff's pay scale or control the bank's payroll, but such matters are irrelevant to an FMLA (as opposed to an FLSA) inquiry.  Her assertion that the complaint contains no allegations suggesting she had authority over the branch's day-to-day operations and/or authority to fire the plaintiff (or at least recommend her termination), is simply incorrect.